UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LaToya A. Hayward, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 13 C 2887 ) |
| County Employees' and Officers' Annuity and Benefit Fund of Cook County, and County of Cook, Illinois, | ) Judge Chang ) ) ) |
| Defendants. | ) |

## COURT APPROVED SETTLEMENT AGREEMENT

1.  This Court Approved Settlement Agreement ("Agreement") is made and voluntarily and freely entered into by and between LaToya A. Hayward ("Hayward"), County of Cook, Illinois ("Cook County"), and the County Employees' and Officers' Annuity and Benefit Fund of Cook County ("Pension Fund"), and Cook County's and the Pension Fund's agencies, agents, officers and employees (collectively "Defendants"), as follows:

2.  Plaintiff Hayward commenced the above-captioned action ("Complaint") in the United States District Court for the Northern District of Illinois, alleging that Defendants violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) by refusing to allow Hayward to pay into her pension from her employment at Cook County's Stroger Hospital for the two years and ninety days of her military service without a penalty or interest fee.

3.  Defendants deny that they have violated USERRA.

4.  Nevertheless, Hayward, and Defendants (collectively the "Parties"), have resolved their differences and have agreed that this action should be resolved by entry of this Agreement.

It is the intent of the Parties that this Agreement be a final and binding resolution in full disposition of all claims arising out of the facts as alleged in the Complaint.

### Stipulations

5. The Parties acknowledge the jurisdiction of the United States District Court for the Northern District of Illinois over the subject matter of this action and the Parties for the purpose of entering this Agreement and, if necessary, enforcing this Agreement.

6. Venue is proper in this district for purposes of this Agreement and any proceedings relating to this Agreement. The Parties agree that all statutory conditions precedent to the institution of this lawsuit have been fulfilled.

### Non-Admission

7. This Agreement is being entered with the consent of the Parties, and shall not constitute an adjudication or finding on the merits of the action or be construed as an admission by Defendants of any violations of USERRA.

### Non-Retaliation

8. Defendants shall not take any action against any person, including but not limited to Hayward, that constitutes retaliation or interference with the exercise of such person's rights under USERRA because such person gave testimony, provided assistance or participated in any investigation or proceeding in connection with this action.

### Remedial Relief

9. Defendants agree to allow Hayward to pay into her pension for the two years and ninety days of her military service, without a penalty or interest fee, allowing Hayward five years from the effective date of the Agreement to make all catch-up payments, as permitted by USERRA. Hayward actively served from July 27, 2009, through July 26, 2011, and returned to

work on October 24, 2011 (within 90 days of the end of her active service, as allowed by USERRA).

10. As Hayward makes her catch-up payments for the two year and ninety day period of her military service, Defendants will reflect those payments in the calculations of her service time for purposes of her pension and pension benefits. Once Hayward has made her final catch-up payment for her two years and ninety days of active service, Defendants will issue a certification to Hayward that confirms that the two years and ninety days period of her active service is now reflected in her pension and pension benefits. Should Hayward leave employment with Cook County altogether prior to completing her catch-up payments, Defendants will issue a certification confirming whatever amount of catch-up payments were made to that date and their reflection in Hayward's pension and pension benefits. Hayward must maintain employment with Cook County while making catch-up payments notwithstanding any military service commitments or other approved leave.

11. The Pension Fund shall include the employee contributions made by LaToya Hayward pursuant to USERRA and this Agreement when it submits to Cook County the sums required to be contributed by the employer for purposes of the tax levy to be collected and allocated to the Pension Fund under Section 9-169 of the Illinois Pension Code, 40 ILCS 5/9-169.

## Release of Claims

12. For and in consideration of the relief provided to Hayward pursuant to the provisions of this Agreement pursuant to the requirements of paragraph 23 of the Agreement Hayward releases and discharges the Defendants of all federal legal, statutory and equitable claims arising out of the facts alleged in this case and those set forth in the Department of Labor

USERRA Case No. MIL-2012-0024-10-4. State law claims or other claims are not covered by this Agreement.

### Compliance With USERRA

13. Defendants shall comply with all provisions of USERRA. Defendants shall provide within the December 2013 Cook County Pension Fund Newsletter and the Cook County Pension Fund website a notice of the rights, benefits, and obligations of uniformed service members and employers promulgated by USERRA, specifically the rights and duties associated with 38 U.S.C. § 4318 and 20 C.F.R. Parts 1002.259-267.

14. Defendants notice shall state the following:

The Cook County Pension Fund commends employees who protect our country through service in the United States Armed Forces.

In accordance with guidelines set forth in the Uniformed Services Employment and Reemployment Rights Act (USERRA) members of the Fund can purchase pension service credit for periods of service in the uniformed services during their Cook County or Forest Preserve District employment. Depending on the length of the member's period of service, he or she is entitled to take from one to ninety days following service before reporting back to work or applying for reemployment. This period of time will be treated as continuous service with the Cook County or Forest Preserve District for purposes of determining participation, vesting and accrual of pension benefits under the plan. Any payment to the plan described in this paragraph shall be made during the period beginning with the date of reemployment and whose duration is three times the period of the member's services in the uniformed services, such payment period not to exceed five years.

The Fund's complete Military Service Policy can be found online at www.cookcountypension.com or can be requested by contacting the Fund at (312)603-1200. Additional information is also available at http://www.dol.gov/elaws/userra.htm.

### Retention of Jurisdiction, Dispute Resolution, and Compliance

18. The Court shall retain jurisdiction over this action and shall have all available equitable powers, including injunctive relief, to enforce the terms of this Agreement.

19. The Parties shall engage in good faith efforts to resolve any dispute concerning compliance with this Agreement. In the event of a dispute, the Parties shall give notice to each other fifteen (15) days before seeking resolution of the dispute by the Court and may conduct expedited discovery under the Federal Rules of Civil Procedure for the purpose of determining compliance with this Agreement.

### Miscellaneous

20. The Parties shall bear their own costs and expenses in this action, including attorney's fees.

21. This Agreement contains the entire agreement between Hayward and the Defendants with respect to the matters set forth herein and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors, and assigns of each. Any modification to the Agreement must be mutually agreed upon and memorialized in writing signed by the Parties and entered by the Court.

22. It is contemplated that the Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

23. The effective date of the Agreement shall be the date upon which it is entered by the Court. The Agreement shall expire, and this action shall be dismissed without further order of the Court on the later of one year after the date of entry of this Agreement or when Hayward has made all allowable payments to her pension associated with her military leave as provided in paragraph 10, and received a Certificate of Contribution. This Agreement constitutes the entry of final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure, on all claims that Hayward asserted or that could have been asserted by Hayward in this action.

APPROVED and ORDERED this 19th day of December, 2013

Edmund Chang
United States District Judge

Agreed and Consented to by and on behalf of Plaintiff LaToya A. Hayward:

*[signature]*
LaToya A. Hayward
Plaintiff

By: *[signature]*

James X. Bormes
Law Office of James X. Bormes
8 South Michigan Avenue
Suite 2600
Chicago, IL 60603

**ATTORNEYS FOR PLAINTIFF LATOYA A. HAYWARD**

Agreed and Consented to by and on behalf of Defendant County of Cook, Illinois:

_____
MICHAEL A. KUCZWARA JR.
Assistant State's Attorney
500 Daley Center
Chicago, Illinois 60602
Telephone: (312) 603-3233
ATTORNEY FOR DEFENDANT COOK COUNTY


Agreed and Consented to by and on behalf of Defendant County Employee's and Officers' Annuity and Benefit Fund of Cook County:

_____
MICHAEL A. KUCZWARA JR.
Assistant State's Attorney
500 Daley Center
Chicago, Illinois 60602
Telephone: (312) 603-6304
ATTORNEY FOR DEFENDANT COUNTY EMPLOYEE'S AND
OFFICERS' ANNUITY AND BENEFIT FUND OF COOK COUNTY